IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS RAMSEY, | § | |
| *Plaintiff* | § | A-21-CV-331-LY-DH |
| v. | § | |
| SHEET PILE, LLC, | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Defendant Sheet Pile's Motion to Strike/Exclude Expert, Dkt. 43, Ramsey's Motion for Extension of Time to File Expert's Report, Dkt. 47, and all associated responses and replies to both motions. The district court referred these motions for resolution.

Defendant Sheet Pile complains that Plaintiff Douglas Ramsey failed to meet the May 11, 2022, expert deadline contained in the district court's Scheduling Order, because no expert report was attached to its "Designation of Defensive Witnesses" as required by Federal Rule of Civil Procedure 26. Sheet Pile therefore moves that the witness, Michael S. Turner, be struck pursuant to Federal Rule of Civil Procedure 37. Sheet Pile asserts that Ramsey: (1) has failed to provide an adequate explanation of his failure; and (2) has prejudiced Sheet Pile because it cannot adequately designate a rebuttal expert based on the lack of a report, and discovery closes June 1, 2022, not allowing time to depose Turner.

Ramsey responds by moving for an extension of time to file Turner's report. Ramsey asserts that for a variety of reasons, including Turner's busy schedule, the number of documents Sheet Pile disclosed in discovery that he is required to review, and because the documents were produced without organization, Mr. Turner was not able to prepare his report by the deadline. Therefore, Ramsey asserts good cause exists for his failure to attach the report, and his neglect to do so is excusable. Ramsey argues he timely disclosed the expert, the substance of his anticipated testimony, his Curriculum Vitae, and his case history on May 11, 2022. Mr. Turner states, that because of his busy trial schedule and vacation schedule, he will be unable to prepare his report until July 31, 2022. Dkt. 48-2. Ramsey argues that this issue could be resolved by extending the relevant expert deadlines, and that doing so would remove any prejudice to Sheet Pile. Additionally, Ramsey notes that Turner's testimony is pivotal to his case.

Under Rule 37(c)(1), if a party fails to provide expert disclosures within the established deadlines, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness." *Red Dot Bldgs. v. Jacob Technology, Inc.*, No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008) (noting that exclusion of non-disclosed expert testimony is automatic and mandatory unless the

party can show substantial justification or harmlessness). When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (applying factors to determine whether district court abused its discretion in striking testimony).

There are two types of testifying experts who must be disclosed pursuant to Rule 26—witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do not provide a written report pursuant to Rule 26(a)(2)(C). The disclosure of expert witnesses who must provide a written report must be "accompanied by a written report—prepared and signed by the witness if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases

in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. Fed. R. Civ. P. 26(a)(2)(B).

In this case, Ramsey timely disclosed some but not all of the information required by Rule 26(a)(2)(B); however, he omitted the most important part of the Rule's requirements, Turner's opinions and the bases of those opinions. Ramsey's explanation for his failure to comply with the discovery order holds little water; it seems his chosen expert was too busy to address the voluminous nature of the documents involved in the case. Additionally, allowing Turner's testimony in support of a motion or at trial would surely prejudice Sheet Pile without the opportunity to depose Turner and file a rebuttal to his report. However, the undersigned finds these concerns are overridden by the fact that Ramsey's failures may be cured by an extension of time, and the fact that Turner's testimony is critical to his case.

In light of this, the undersigned ORDERS that Defendant Sheet Pile's Motion to Strike/Exclude Expert, Dkt. 43, IS DENIED and that Ramsey's Motion for Extension of Time to File Expert's Report, Dkt. 47, is GRANTED IN PART as follows: Ramsey is required to disclose Turner's **complete report** on or before June 27, 2022,[1] and Sheet Pile is allowed 14 days after the disclosure to file any rebuttal. Additionally, IT IS FURTHER ORDERED that Ramsey shall make Turner available for deposition within 30 days of the date of disclosure of his report, or before Sheet

---

[1] Although Turner states in his affidavit that he is scheduled to testify at three trials in June, in the undersigned's experience, a portion of these trials are likely to settle, and Turner's attendance is unlikely to be required for the entirety of the trials, for instance jury selection.

Pile's rebuttal report is due at Sheet Pile's request to Ramsey. Lastly, IT IS ORDERED that the referral in this case be TERMINATED and the relevant motions REMOVED from the undersigned's docket.

SIGNED June 9, 2022.

                                                                           DUSTIN M. HOWELL
                                                                          UNITED STATES MAGISTRATE JUDGE