**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DOUGLAS RAMSEY | § | |
| | § | |
| V. | § | CAUSE NO.: 1:21-CV-00331-DH |
| | § | |
| SHEET PILE, LLC | § | |

# PLAINTIFF'S BRIEF IN OPPOSITION OF DEFENDANT'S MOTION FOR DIRECTED VERDICT

TO THW HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Douglas Ramsey, and files this Brief in Opposition to Defendant's oral Motion for Directed Verdict and would respectfully show the Court as follows:

## I.    INTRODUCTION

1.    On May 15, 2023, the Court began trial in the above styled and numbered matter. On May 16, 2023, Plaintiff, Douglas Ramsey, after having presented his case in chief, rested. Defendant, Sheet Pile, LLC reserved its defenses until the presentation of its own case in chief, but nonetheless orally moved for a directed verdict.

2.    The Court declined to rule at the time of the Motion.

3.    Plaintiff files this brief in support of his causes of action, and in opposition to Defendant's Motion.

## II.    JUDGMENT AS A MATTER OF LAW

4.    According to Fed. R. Civ. P. 50, a motion for judgment as a matter of law, formerly known as a motion for a directed verdict, can be made at any time before the case is submitted to the jury. The rule specifies that the court may grant the motion if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50.

5.    This standard is consistent with the case law from the Fifth Circuit. For example, in X Techs., Inc. v. Marvin Test Sys., Inc., the court stated that a directed verdict is appropriate if "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." X Techs., Inc. v. Marvin Test Sys., Inc., 719 F.3d 406 (5th Cir. 2013).

6.    In reviewing the grant of a motion for directed verdict, this court "must view the evidence in the light most favorable to the non-moving party, who must be given the benefit of all reasonable inferences to be drawn from the evidence." District of Columbia v. Evans, 644 A.2d 1008, 1019 (D.C. 1994) (citations omitted). When conflicting inferences from the evidence are possible or where there is room for differences of opinion, the trial judge must allow the case to go to the jury. Id. ("A directed verdict is proper only if there is no evidentiary foundation . . . by which a reasonable juror could find for the party opposing the motion"). Id. Even where it appears to the court that the evidence is such that one party is entitled to prevail on a factual issue, if a contrary result is even possible the better course of action is to allow the issue to go to the jury and then, if necessary, enter a judgment notwithstanding the verdict. Warner Fruehauf Trailer Co. v. Boston, 654 A.2d 1272, 1276 n.8 (D.C. 1995).

7.    Here, the Plaintiff has established a sufficient evidentiary foundation by which a reasonable juror could find Sheet Pile, LLC responsible. The evidence suggests that Mr. Wendt intended to terminate Mr. Ramsey at the time that he entered into the loan agreement. Additional evidence suggests that Sheet Pile, LLC repeatedly represented that the loan would be repaid sooner than the December 2020 maturity date – a fact based on the original intent of the parties.

8.    Sheet Pile's only argument to overcome these factual issues is the economic loss rule, discussed below.

### III.    ECONOMIC LOSS RULE

9.    The economic loss rule generally bars tort claims arising from a contractual relationship, but Texas courts have consistently held that it does not bar fraudulent inducement claims. The Texas Supreme Court emphasized that using the term "the economic loss rule" is "something of a misnomer" because "there is not one economic loss rule that is broadly applicable throughout the field of torts, but rather several more limited rules that govern recovery of economic losses in selected areas of the law." Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 415 (Tex. 2011).

10.    The economic loss rule was initially formulated to set perimeters in product liability cases. *See* Eddward P. Ballinger, Jr. & Samuel A. Thumma, *The History, Evolution and Implications of Arizona's Economic Loss Rule*, 34 Ariz. St. L.J. 491, 492 (2002). "The economic loss rule applies when losses from an occurrence arise from failure of a product and the damage or loss is limited to the product itself." Equistar Chemicals, L.P. v. Dresser-Rand Company, 240 S.W.3d 864 (Tex.2007); *see also* Seely v. White Motor Co.,63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145, 151 (1965). In such cases, recovery is generally limited to remedies grounded in contract (or contract-based statutory remedies), rather than tort. *See, e.g.*, Signal Oil & Gas Co. v. Universal Oil Prods.,572 S.W.2d 320, 325 (Tex.1978) ("[W]here only the product itself is damaged, such damage constitutes economic loss recoverable only as damages for breach of an implied warranty under the [Business and Commerce Code]").

11.    Douglas Ramsey's Fraud claims rest in state law. The Texas Supreme Court has declined to extend the economic loss rule protections to a fraudulent inducement claim, even when the claimant suffered only economic losses to the subject of a contract. *See* Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,960 S.W.2d 41, 46 (Tex.1998). The Court reasoned that Texas law has long imposed a duty to refrain from fraudulently inducing a party to enter

into a contract, and our prior decisions made it clear that tort damages were not precluded simply because a fraudulent representation caused only an economic loss. Id. at 46–47.

12.     Sheet Pile, LLC asserts the economic loss rule bars any recovery for the factual misstatements made by its representatives, even if it is established by the evidence that there is an apparent intent to lead Mr. Ramsey into a higher-dollar loan that he would otherwise not have considered.

13.     Admittedly, there is certainly case law holding that "even if Plaintiffs' claim is for breach of a duty imposed by law and not only created by contract, the Court . . . must also consider 'whether the injury is only the economic loss to the subject of the contract itself.'" Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc., 960 S.W. 2d 41, 45-47 (Tex. 1998). Under this view, "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." Southwestern Bell Corp. v. DeLanney, 809 S.W.2d 493, 495 (1991).

14.     In recent years, however, the Texas Supreme Court has clarified that the economic loss rule does not bar tort recovery in every case where the claimant suffered only economic losses to the subject of a contract. Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 417 (Tex. 2011). "Sharyland emphasized that instead the core inquiry in determining the applicability of the economic loss rule is whether the claimed damages arose from "breach of a duty created under contract, as opposed to a duty imposed by law.'" Davis v. Wells Fargo Bank, N.A., 976 F. Supp. 2d 870, 883 (Sept. 30, 2013) (quoting Sharyland at 417).

15.     Defendant repeatedly argues that the Promissory Note was not due and payable until December 21, 2020, even though the evidence clearly established that Sheet Pile, LLC and its representatives, such as Mr. Terrazas, frequently represented that the loan would be paid back

sooner. It was this belief that led Mr. Ramsey to make such a high-value loan. These factual misstatements and misrepresentations "do not sound in contract and are thus not subject to the economic loss rule" as clarified by <u>Sharyland</u> and its progeny.

16. As a matter of law, "the economic loss rule does not bar fraud and fraudulent inducement claims." <u>Hurd v. BAC Home Loans Servicing, LP</u>, 880 F. Supp. 2d 747, 764-65 (N.D. Tex. 2012) (collecting cases). "[T]he economic loss rule does not apply to fraud claims because the parties to a contract have an independent duty not to commit the intentional tort of fraud." <u>O'Hare v. Davis</u>, 455 F. App'x 377, 6 (5th Cir. 2011). Defendant's legal duty "is not derived from the contract, but rather from Defendant's legal obligation not to commit fraud when entering into a new business relationship.

## IV.    FRAUDULENT INDUCEMENT

17. In Sheet Pile, LLC's brief in support of the Economic Loss Rule (ECF No. 135), Sheet Pile, LLC attempts to mask Mr. Ramsey's fraud claims by misreading the allegations contained in his Petitioner (ECF No. 46).

18. The facts, evidence, and testimony which, at this point in mid-trial, have been presented to the jury show that Sheet Pile, LLC represented to Mr. Ramsey that it would enter into a short-term loan with him – as it had done in the past. Between the testimony from Mr. Wendt, and the emails from Mr. Terrazas, it is clear that Mr. Ramsey was led to believe that the loan would be repaid quickly. For example, Mr. Terrazas represented in Plaintiff's Exhibit 18 "you will get paid as soon as possible, and in Exhibit 9 "in line to be paid in February."

*The remainder of this page was intentionally left blank.*

Respectfully submitted,

**TEXAS SUITS**

GERRIT SCHULZE    (TBN: 24084877)
13750 San Pedro Avenue, Suite 810
San Antonio, Texas 78232
(210) 503-2800 phone
(210) 503-2888 facsimile
Gerrit@txsuits.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via electronic filing, facsimile, and/or email on this 16th day of May 2023 on the following counsel of record:

Eric Hudson
ehudson@terrazaspllc.com

Kevin Terrazas
kterrazas@terrazaspllc.com

GERRIT SCHULZE