**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DOUGLAS RAMSEY | § | |
| | § | |
| v. | § | Case No. 1:21-CV-00331-DH |
| | § | |
| SHEET PILE, LLC | § | |

---

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION TO DISREGARD JURY FINDINGS, MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, AND, IN THE ALTERNATIVE, MOTION TO AMEND JUDGMENT OR FOR NEW TRIAL

---

TO THE HONORABLE JUDGE OF THIS COURT:

PLAINTIFF, Douglas Ramsey, files this amended response to Defendant's Motion to Disregard Jury Findings, Motion for Judgment Notwithstanding the Verdict, and, in the alternative, Motion to Amend Judgment or for New Trial pursuant to the Court's November 3, 2023 Order [ECF No. 175].

### I.   INTRODUCTION

1. Plaintiff filed his Original Petition on March 2, 2021, for breach of contract for a promissory note and security agreement, as well as breach of contract for an employment agreement.

2. A jury trial was held, and the jury's answers were filed on May 19, 2023.

3. The Court entered its Final Judgment on August 16, 2023, awarding Plaintiff $160,878.47 for his breach of contract claims.

4. Defendant filed its Motion to Disregard Jury Findings, Motion for Judgment Notwithstanding the Verdict, and, in the alternative, Motion to Amend Judgment or for New Trial on September 13, 2023.

## II.    ARGUMENT & AUTHORITIES

5.    The gravity of Defendant's motion should be noted at the onset. "Judgment notwithstanding the verdict is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." Boris v. Choicepoint Services, Inc., 249 F.Supp.2d 851, 854. In its motion, Defendant is asserting that there is a "complete absence of fact to support" not one, not two, but three of the jury's answers.

**Defendant argues that the Court should disregard the jury's answer on Question No. 6 and render a judgment notwithstanding the verdict concluding that Plaintiff's damages for breach of the promissory note and security agreement are limited to the amount due and owing as of the date he filed suit.**

6.    The Court should not disregard the jury's answer to Question No. 6 and should deny the motion for judgment notwithstanding the verdict because there is sufficient evidence in the record to support the jury's answer to Question No. 6. The jury enjoys substantial discretion in awarding damages within the range shown by the evidence. *See* F.H. Krear Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1260 (2d Cir. 1987).  While the jury may not pull figures out of a hat, its verdict does not fail for mere lack of exhaustive or dispositive evidence so long as a rational basis exists for calculation. *See* Id.

7.    Sheet Pile argues that the Jury awarded more damages than what had accrued to that point in response to Question 6, and as such, the award was erroneous.

8.    When the plaintiff has presented evidence of the minimum and maximum amounts it expected to receive pursuant to a written contract and evidence as to payments it has obligated itself to make, it lies well within the trial court's discretion to submit the issue of lost profits to the jury, and the jury has "`a large amount of discretion in determining the amount of its verdict.'" Lee v. Joseph E. Seagram Sons, Inc., 552 F.2d at 456 (quoting 5

Corbin on Contracts, § 1022, at 146 (1964)). Here, the evidence clearly establishes that the award by the Jury was not erroneous but was supported by the facts and evidence heard by the Jury. Mr. Ramsey testified to having given Defendant a loan of $100,000 supported by a promissory note. *See* ECF No. 147-2, pgs. 1-4. *See* Ramsey Trial Transcript, 104:8-16, May 15, 2023.

9.      Mr. Ramsey was approached by Mr. Wendt of Sheet Pile to borrow the $100,000. Id at 106:25, 107:1-2.  The funds were transferred between November 21 and November 25, 2019. Id at 108:5-14. The Loan was to bear interest of a one-time $10,000 flat rate interest payment, and all interest, costs, and fees, associated with Mr. Ramsey's borrowed funds. Id at 114:5-14. The $10,000 in interest became earned immediately. Id at 114:15-17. The remaining interest was associated with the monthly interest fees charged to Mr. Ramsey by his bank. Id at 114:18-25, 115:1-6.

10.     Next, the promissory note provided for a late fee of $1,000 per month. See ECF No. 147-2, pgs. 1-4 & Ramsey Trial Transcript, 116:6-8, May 15, 2023. Sheet Pile's motion completely disregards this late fee. Mr. Ramsey expected to receive these funds if the remainder of the loan was not paid back by December 21, 2020. *See* Ramsey Trial Transcript, 117:1-4. He also continued incurring a monthly fee of $411 each month that the loan was not paid back. Id at 117:16-22.

11.     Mr. Ramsey further testified that He did not receive repayment of the original $100,000, nor the $10,000 flat rate interest. *See* Ramsey Trial Transcript, 158: 15-23, May 16, 2023. Monthly interest was $411.67. Id at 159:2-3. Mr. Ramsey testified that he had been incurring interest and fees since December of 2019. Id at 159:11-15. The first twelve months of interest was $4,940.04. Id at 159:19-25.

12.    At this point, the damages had reached $114,940.04. Id at 160:1-4. Sheet Pile asks the Court to stop calculating the interest and late fees at this point in time. However, as of December, 2020, the monthly fees and interest reached $1,411.67. Id at 160:13-15. Mr. Ramsey testified that, as of May of 2023, the note had grown to $155,878.47. Id at 161:10-16. Various emails evidence that Mr. Ramsey repeatedly reminded Mr. Terrazas about the amounts due, and Mr. Terrazas responded that Sheet Pile "knows and fully plans to pay [ Mr. Ramsey]. *See* ECF No. 147-2, Pg. 87.

13.    The Jury was asked to determine "what sum of money…would reasonably compensate Douglas Ramsey for his damages, that resulted from Sheet Pile, LLC's failure to comply with the promissory note and security agreement contract." *See* ECF No. 153, pg. 3. The Jury, having heard the evidence, answered, $155,878.47. Id.

14.    Because the evidence presented at trial supported the Jury's award answer to Question No. 6, such answer was not erroneous and should not be disregarded or reduced.

**Defendant argues that the Court should disregard the jury's answer on Question No. 12 and render a judgment notwithstanding the verdict concluding that Ramsey's failure to comply with the employment agreement was not excused by a prior material breach on the part of Sheet Pile.**

15.    The Court should not disregard the jury's answer on Question No. 12 and should deny the motion for judgment notwithstanding the verdict because there is sufficient evidence in the record to support the jury's answer to Question No. 12 that Ramsey's failure to comply with the employment agreement was excused by a prior material breach on the part of Sheet Pile.

16.    Defendant's motion regarding Question No. 12 rests on two arguments: 1) Plaintiff treated the contract as continuing after Sheet Pile breached; and 2) Sheet Pile failing to pay Plaintiff $5,000 was not a material breach of the employment agreement.

17. Firstly, Defendant argues that by "believing he was required to continue honoring the obligations of [the employment] agreement after the two parted ways in December 2019," Ramsey treated the contract as continuing. Defendant goes on to argue that "Ramsey should have continued to comply with his employment contract—especially with respect to the safekeeping and return of Sheet Pile's confidential information—even after his termination."

18. Defendant seems to be saying that by keeping information confidential, Plaintiff was thereby treating the contract as continuing. This argument is perplexing in that it puts Plaintiff in a losing position no matter his course of action. If Plaintiff, as he did in this case, maintains confidentiality pursuant to the agreement despite Sheet Pile's breach, then he is therefore treating the agreement as continuing. If he does not maintain confidentiality, then Sheet Pile now has a cause of action against Ramsey for breach of contract.

19. Conveniently, Sheet Pile is in a winning position in the only two possible scenarios if viewed in the manner they suggest. Sheet Pile seems to be suggesting that Ramsey should not have maintained confidentiality if he wanted to claim prior material breach on the part of Sheet Pile as a basis to excuse his non-performance, a position that seems at ends with equity, decency, and basic contract law.

20. Moreover, Sheet Pile's argument contradicts itself by stating: "Ramsey did not return all confidential information to Sheet Pile upon his termination in December 2019. That was a breach of the employment agreement[,]" and then proceeding to argue that Ramsey treated the contract as continuing. Sheet Pile never paid Ramsey pursuant to the employment contract after failing to pay him the $5,000 in December; Ramsey did not treat the

agreement as continuing while not getting paid. Sheet Pile's characterization of the events leading up to this case is an attempt to muddy the issues when the facts are clear.

21. The jury was not asked what specific prior material breach excused any breach by Mr. Ramsey. Nor was the jury asked what Mr. Ramsey's specific breach was. Moreover, whether Mr. Ramsey elected to continue to keep information safe even after being terminated doesn't impact the jury's ability to make a finding regarding a prior breach.

22. The jury found that Ramsey failed to comply with the employment contract, but that his failure was excused by Sheet Pile's failure to comply with a material obligation of the same agreement. The jury was not asked to identify why specifically they believed that Sheet Pile breached previously; instead the jury was only asked whether Sheet Pile breached previously. *See* ECF No. 153, Pg. 6. Ample evidence exists to support the Jury's conclusion. For example, Mr. Ramsey testified that his email was cut off on December 18, 2019. *See* Ramsey Trial Transcript 90;15-24, May 17, 2023. Mr. Ramsey contended that Sheet Pile breached the employment agreement by failing to pay him a bonus. Mr. Ramsey pursued his bonus payments through communications with Mr. Terrazas. *See* ECF No. 147-2, Pgs. 17-50 (Plaintiff's Trial Exhibits 3-12). Mr. Ramsey testified that he was not paid and remains owed the $44,000 bonus payment. *See* Ramsey Trial Transcript, 161:17-19, May 16, 2023. Despite non-payment of his bonus, however, Mr. Ramsey was receiving his paycheck (at least until the end). The jury correctly found that Sheet Pile was in breach of part of the contract.

23. Because the jury enjoys substantial discretion in awarding damages within the range shown by the evidence, the mere fact that the jury awarded Mr. Ramsey $5,000 instead of $0 or

$49,000 isn't indicative of whether a prior breach occurred or not. *See* F.H. Krear Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1260 (2d Cir. 1987).

24. An employment agreement existed between Plaintiff and Defendant. *See* ECF No. 147-2, Pg. 13. Pursuant to the employment agreement, certain obligations extended past termination. For example, Mr. Ramsey was not to hire current employees of Sheet Pile for a period of two years, or disclose his trade secrets. Id at 14. The mere fact that Mr. Ramsey maintained confidentiality is not an argument that Sheet Pile couldn't have breached prior.

25. Sheet Pile goes on to argue that "in light of the history…" the jury should not have been tasked with adjudicating whether a prior material breach excused Mr. Ramsey's breach. However Sheet Pile, by and through their counsel, engaged in the charge conference and presented no objection to the inclusion of Question No. 12 to the jury. Defendant has waived its right to complain about the jury charge at this point.

26. The Court should deny Sheet Pile's motion with regard to Question No. 12.

**Defendant argues that the Court should disregard the jury's answer on Question No. 14 and render a judgment notwithstanding the verdict concluding that Ramsey's failure to comply with the employment agreement caused Sheet Pile more than $0 in monetary damages.**

27. The Court should not disregard the jury's answer on Question No. 14 and should deny the motion for judgment notwithstanding the verdict because there is sufficient evidence in the record to support the jury's answer to Question No. 14 that $0 would fairly and reasonably compensate Sheet Pile for its damages, if any, that resulted from Ramsey's failure to comply with the employment contract. The facts are clear and the jury believed as much.

28. Sheet Pile's material breach excused Ramsey's failure to comply with the employment agreement. Accordingly, the jury concluded that $0 was the appropriate remedy for Ramsey's breach since it was excused. Indeed, "when one party to a contract commits a

material breach of that contract, the other party is excused from further performance under the contract." <u>Atrium Medical Center, LP v. Houston Red C LLC</u>, 546 S.W.3d 305 (Tex. App.—Houston [14th Dist.] 2017), aff'd, 595 S.W.3d 188 (Tex. 2020).

29. In its motion, Sheet Pile refers to Texas case law, providing: "where the testimony of an interested witness is not contradicted by other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances to cast suspicion thereon, it is taken as true, as a matter of law." <u>Ragsdale v. Progressive Voters League</u>, 801 S.W.2d 880, 882 (Tex. 1990). While Sheet Pile presented evidence concerning its damages, the jury found Ramsey's breach was excused. Sheet Pile is attempting to backdoor its damages despite the jury finding that (1) Ramsey's breach was excused due to Sheet Pile's breach, and (2) $0 was the appropriate compensation for Sheet Pile's alleged damages.

30. Sheet Pile relies on the first part of the case law cited, while wholly ignoring the second part. In order to satisfy the standard set forth by the case law provided, Sheet Pile's damages would need to be "clear, direct and positive, and free from contradiction, inaccuracies, and circumstances to cast suspicious thereon." <u>Id</u>. The damages alleged by Sheet Pile are purely speculative, with no way to accurately determine the veracity of their claim. For example, Sheet Pile attempts to claim Ramsey's entire year's salary as damages. Sheet Pile never makes clear why it feels it should be entitled to a return of every penny they paid Ramsey over the course of a year for his alleged breach. Sheet Pile's damages are far from "clear, direct and positive, and free from contradiction, inaccuracies, and circumstances to cast suspicion thereon." <u>Id</u>. On the contrary, they are unclear, unverifiable, and asserted in a

vindictive and retaliatory manner. The evidence supports, and the jury concluded that Sheet Pile breached the contract before Ramsey did.

31.    Moreover, Sheet Pile's claim that it should be entitled to $45,000.00 for the cost to "recreate the books that "Ramsey failed to keep" is wholly unsupported. No evidence was presented by Sheet Pile that Mr. Ramsey could have even controverted that established this figure. No invoices, estimates, or anything to support this number exists.

32.    Indeed, the evidence that the Jury considered when responding to this jury question supports the jury's conclusion. Mr. Ramsey presented pages and pages of evidence supporting that he performed his job duties and maintained the books and records. *See* ECF No. 147-2, pgs. 94-550, *generally*. Mr. Ramsey further testified that he turned over a hard drive worth of accounting documents and data, including Quickbooks. Ramsey Trial Transcript, Pg. 123:18-24, 125:11-14, 144:5-13, May 16, 2023.

**Defendant claims that it should be entitled to injunctive relief based on Jury Question No. 11.**

33.    Defendant argues that it should be entitled to injunctive relief based on the Jury's answer to question No. 11, however provides no additional support or argument, beyond what Defendant had previously argued in its Objections to the Judgment. *See* ECF No. 164.

34.    The Court previously concluded that Defendant was not entitled to temporary injunctive relief. *See* ECF No. 75. Thereafter, Defendant did not pursue its injunction in any manner. At trial, Defendant did not reference, argue, or present any evidence in support of a permanent injunction.

### III.    CONCLUSION

Because the Jury's answers to questions 6, 12, and 14 were based on the evidence that was presented at trial, and because Sheet Pile, LLC did not pursue its request for injunctive relief at

trial, the Court should deny Sheet Pile, LLC's motion to disregard jury findings and motion for judgment notwithstanding the verdict. Moreover, because Sheet Pile, LLC cannot show why it should be entitled to an amended judgment or new trial, the Court should deny the relief sought.

Respectfully submitted,

**TEXAS SUITS**

GERRIT SCHULZE (TBN: 24125604)
13750 San Pedro Avenue, Suite 810
San Antonio, Texas 78232
(210) 503-2800 phone
(210) 503-2888 facsimile
Gerrit@txsuits.com

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via electronic filing, facsimile, and/or email on this 14th day of November 2023, on the following counsel/parties of record:

Kevin Terrazas
kterrazas@terrazaspllc.com

Eric Hudson
ehudson@terrazaspllc.com

GERRIT SCHULZE