**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| DOUGLAS RAMSEY | § | |
| | § | |
| V. | § | 1:21-CV-0331-DH |
| | § | |
| SHEET PILE, LLC, | § | |

**PLAINTIFF'S REPLY TO SHEET PILE'S BRIEF IN SUPPORT OF ITS REQUEST
FOR REMITTITUR AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE DUSTIN HOWELL:

COMES NOW, Plaintiff Douglas Ramsey, and files this Reply to Sheet Pile's Brief in Support of Its Request for Remittitur and Injunctive Relief [ECF No. 189], and would respectfully show:

### I.    SHEET PILE'S ARGUMENTS

1.    Sheet Pile contends that the Court should remit Plaintiff's damages to $119,763.38 and calculate interest *solely* on damages *after* offsets.

2.    Sheet Pile correctly asserts that, as of the date of filing of his lawsuit, Ramsey had incurred damages in the amount of $119,763.38, calculated as the $100,000 face value of the Note, a one-time $10,000 interest charge authorized by the Note, four $1,000 monthly interest charges that accrued between Sheet Pile's breach in December 2020 and Ramsey's initiation of his lawsuit in March 2021, and $5,763.38 in interest charges Ramsey's bank had charged him as of the date he filed suit. *See* ECF No. 189 at 2.

3.    The jury also awarded Mr. Ramsey $5,000 for breach of the employment agreement, resulting in a pre-interest total of $124,763.38.

4.    Sheet Pile contends that Mr. Ramsey should not be entitled to prejudgment interest in the entire amount he was awarded, but rather that the offset for the award to Sheet Pile should

be considered first – in other words, without saying it, Sheet Pile is asking the Court to award it prejudgment interest on the $38,000.

## II.    THE FINAL JUDGMENT

5.    The Court concluded that under Texas law an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances, relying on Am. Int'l Trading Corp. v. Petroleos Mexicanos, 835 F.2d 536, 541 (5th Cir. 1987). *See* ECF No. 169, at 2. The court went on to say that "the undersigned finds that no exceptional circumstances exist in this case, and Plaintiff, Douglas Ramsey, should be awarded prejudgment interest." ECF No. 169, at 2.

6.    The Court properly found Plaintiff to be the prevailing party and awarded prejudgment interest accordingly. Notably, the Court did not award Defendant prejudgment interest, nor has Defendant demonstrated any legal basis for such an award.

## III.    ARGUMENT & AUTHORITIES

7.    The 5th Circuit Court of Appeals, on March 3, 2025, rendered judgment remanding this case in part. Specifically, the district court is "to offer Ramsey a remittitur based on the amount owed on the loan as of the date Ramsey filed suit." Ramsey v. Sheet Pile, L.L.C., 130 F.4th 193, 203 (5th Cir. 2025). Ramsey filed suit on March 1, 2021. Therefore, the award must be remitted down to that number first.

8.    Ramsey's award of $155,878.47 includes monthly interest from December 19, 2019, through the date of the Jury Verdict – May 19, 2023.

9.    The remittitur should subtract interest accrued between March 1, 2021 (the date of filing), and May 19, 2023 (the date of judgment).

10.    Interest was awarded at $411.67. In other words, the Jury Award contained 25 additional

interest payments of $411.67. The appropriate remittitur reduces the award by those 25 interest applications – an amount equal to **$10,291.75**.

11.    This results in a remittitur to $155,878.47 – $10,291.75 = **$145,586.72**.

12.    Sheet Pile argues that prejudgment interest should be calculated at 5.18%, however the 5th circuit, in its opinion, explained that Texas law provides that the prejudgment interest applicable in a case like this one is the contractual interest that accrues between the date of filing and the date judgment was entered. Id.

13.    Interest under the Secured Promissory Note was a one-time flat rate of $10,000, earned on November 21, 2019, and then monthly interest of "(ii) the cost of all interest, costs and fees associated with Borrower's personally secured funds." which Mr. Ramsey testified to at trial to be $411.67 per month.

14.    Therefore, the prejudgment interest, according to the 5th circuit, will be calculated by multiplying the number of months between the date of filing and the date of judgment, by the contractual interest rate of $411.67. Between March 1, 2021, the date of filing, and May 19, 2023, the date of the judgment, twenty-five months passed. Therefore, the prejudgment interest that should be awarded is 25 X $411.67 = $10,291.75.

15.    Prejudgment interest, added to the balance as of March 1, 2021, is $10,291.75 + $145,586.72 = **$155,878.47**.

16.    This amount must be reduced by the offset granted to Sheet Pile of $38,000, resulting in a net judgment amount awarded to Mr. Ramsey of **$117,878.47**.

### IV.    RESPONSE TO SHEET PILE'S INJUNCTION REQUEST

17.    Defendants completely mischaracterizes Mr. Marley's limited involvement to help comb through thousands of pages of discovery and summarily alleges without evidence that Mr.

Marley viewed Sheet Pile's confidential information—a claim unsupported by the record. Worse, Sheet Pile relies on its own argument in its Motion for New Trial to support its argument for injunctive relief – not actual evidence.

18. Nevertheless, the record is clear that the documents provided to Mr. Marlye were those related to Steelwall – not Sheet Pile's confidential information. *See* ECF 190-1, Affidavit of Gerrit Schulze, Pg. 7, ¶19.

19. Sheet Pile has presented no evidence to support the idea that Ramsey disclosed confidential information to Mr. Marley, or anyone.

20. The 5th Circuit Court of Appeals concluded that the Court did not err in denying Sheet Pile's request for an injunction. Ramsey v. Sheet Pile, L.L.C., 130 F.4th 193, 203 (5th Cir. 2025). However, the Court left open the narrow avenue for the Court to "consider whether Ramsey should be required to return any documents he has containing confidential information."

21. Indeed, the door that the 5th Circuit Court of Appeals opened for the Court and for Sheet Pile was for an order requiring Ramsey to return (or destroy) any documents he has containing confidential information.

22. Ramsey is willing to return any documents he has which contain confidential information and the Court should limit the Order to merely require Mr. Ramsey to return any such information by a date certain. Ramsey attaches as *Exhibit 1* a proposed injunction which serves the purposes intended by the 5th Circuit Court of Appeals, and provides Sheet Pile the protection it seeks regarding the confidential information, without broadly opening the door for future litigation between Sheet Pile and Ramsey, and without expanding injunctive relief against non-parties – like Marley.

## V.   CONCLUSION

Plaintiff respectfully requests that the Court adopt the proposed remittitur calculations set forth above. Plaintiff further asks the Court, if it deems it appropriate to award Sheet Pile injunctive relief, to sign the order attached hereto.

Respectfully submitted,

**TEXAS SUITS**

GERRIT SCHULZE   (TBN: 24084877)
13750 San Pedro Avenue, Suite 810
San Antonio, Texas 78232
(210) 503-2800 phone
(210) 503-2888 facsimile
Gerrit@txsuits.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served via electronic filing, facsimile, and/or email on this 13th day of June 2025 on the following counsel of record:

Eric Hudson
ehudson@terrazaspllc.com

Kevin Terrazas
kterrazas@terrazaspllc.com

_____
GERRIT SCHULZE