**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

DOUGLAS RAMSEY,                              §
    *Plaintiff*,                              §
v.                                           §
                                             §
                                             §   Case No. 1:21-CV-00331-DH
SHEET PILE, LLC,                             §
    *Defendant*.                            §
                                             §

**PERMANENT INJUNCTION**

1.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 and venue is proper.

2.      On August 27, 2019, Plaintiff Douglas Ramsey and Defendant Sheet Pile, LLC entered into an employment contract (the "Employment Contract"). The Employment Contract requires Ramsey to return all of Sheet Pile's property—defined to include Confidential Information—"at the time of termination."

3.      The jury found that Douglas Ramsey ("Ramsey") failed to comply with his Employment Contract with Sheet Pile, LLC ("Sheet Pile") but that his failure to comply was excused by Sheet Pile's failure to comply with a material obligation of the Employment Contract.

4.      Monetary damages alone would not fully address the potential harms related to Ramsey's continued possession of Sheet Pile's Confidential Information, given the risk of loss of competitive advantage and erosion of customer trust.

5.      Absent injunctive relief, there is a reasonable likelihood that Ramsey's continued possession of Sheet Pile's Confidential Information could lead to its unauthorized disclosure or use, causing irreparable harm to Sheet Pile.

6.      The balance of equities supports enforcement of the Parties' contractual obligations and seeks to minimize further risk of harm, while imposing a limited burden consisting of the return of property as agreed under the Employment Contract.

7.      Granting an injunction in these circumstances serves the public interest by upholding the integrity of contractual arrangements and protecting confidential commercial information.

8.      Nothing in this Agreed Injunction shall be construed as an admission or concession by Ramsey regarding his entitlement to, or right to recover, attorney's fees or costs. Ramsey reserves the right to seek such recovery by separate motion.

9.      The Court concludes that the requirements of Federal Rule of Civil Procedure 65(d) are satisfied by the specificity of the provisions below, which clearly describe the acts restrained and the persons bound.

### DEFINITIONS

For purposes of this Order:

a. "Confidential Information" means all non-public materials, data, and information of Sheet Pile, including but not limited to financial records, customer and vendor lists, pricing data, business plans, manufacturing processes, personnel files, and trade secrets.

b. "Materials" means any physical or electronic media containing Confidential Information in Ramsey's possession, custody, or control—including originals, copies, notes, summaries, extracts, and backups.

### ORDER OF INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Return of Materials. Within fourteen (14) days of the entry of this Order, Ramsey shall gather and return to Sheet Pile all physical Materials and shall delete any electronic Materials containing Confidential Information which remain in his possession, custody, or control.

2.      Certification. At the time of return, Ramsey shall serve on counsel for Sheet Pile a

certification stating that he has returned or destroyed—or caused to be returned or destroyed—every item of Confidential Information and that he has retained no copies, summaries, or electronic reproductions of such materials in any form.

3.      Prohibition on Retention. Ramsey is hereby enjoined from retaining, using, or disclosing any Confidential Information, directly or indirectly, in any form or medium, except as required by this Order or by further Order of this Court.

4.      No Third-Party Disclosure. Ramsey shall not disclose any Confidential Information to any third party, including any competitor of Sheet Pile, unless such disclosure is first approved in writing by counsel for Sheet Pile or ordered by this Court.

5.      Enforcement. This Court retains jurisdiction to enforce compliance with this Order.

6.      Duration. This injunction shall remain in effect until further Order of this Court.

SIGNED this ___ day of _____, 2025.

_____
MAGISTRATE JUDGE DUSTIN HOWELL