UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS RAMSEY, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | No.  1:21-CV-00331-DH |
| | § | |
| SHEET PILE LLC, | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Before the Court is Plaintiff Douglas Ramsey's motion to alter final judgment as to award on attorney's fees, Dkt. 213, and all related briefing. After the entry of final judgment, the Court afforded Ramsey two opportunities to apply for attorney's fees. Dkts. 200; 206. After finding that several deficiencies remained in Ramsey's second motion for attorney's fees, the Court reduced Ramsey's requested fees by 75% based on his failure to segregate fees and demonstrate billing judgment and declined to award costs that were not recoverable or insufficiently supported. Dkt. 212. Ramsey now moves to amend that judgment because "the reduced award does not fully compensate him for the reasonable and necessary fees to which he is contractually entitled[.]" Dkt. 213. After considering the filings and the relevant law, the Court will deny the motion.

### I.    LEGAL STANDARD

A motion brought under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of

1

law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).  Altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy" that courts should use "sparingly." *Templet*, 367 F.3d at 479. Indeed, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II.    DISCUSSION

The Court denied Ramsey's first motion for attorney's fees and costs without prejudice based on Ramsey's failure to either segregate fees or meet his burden of demonstrating that counsel should not have to segregate fees for claims upon which Ramsey did not prevail. Dkts. 200; 206. In his amended motion for attorney's fees, Ramsey failed to remedy the deficiencies the Court identified in his initial motion. Dkt. 207. The Court granted in part and denied in part Ramsey's amended motion for attorney's fees, reducing his requested fees by 75% to account for his failure to segregate fees related to unsuccessful claims and exercise billing judgment, as well

as excluding requested costs that were unrecoverable or insufficiently supported by the record. *Id.*

Ramsey moved to alter that judgment under Rule 59(e), arguing that the "isolated issues identified by the Court do not support the breadth of the reduction imposed." Dkt. 213, at 4. Ramsey also argued that the Court should have allowed him to recover paralegal fees as costs because "they may be recoverable either as attorneys' fees or as litigation expenses when properly supported." *Id.* Defendant Sheet Pile LLC opposed the motion, arguing that Ramsey's motion identified no error of law or fact, or manifest injustice, that would warrant relief under Rule 59(e), but rather "recycle[s]" arguments already raised and considered by the Court in ruling on Ramsey's previous requests for fees and costs. Dkt. 215, at 2. The undersigned agrees and finds that Ramsey has not presented a compelling reason for the "extraordinary remedy" of altering the judgment. *See* Dkt. 213; *Templet*, 367 F.3d at 479.

In assessing Ramsey's motion to alter the judgment as to his award of attorney's fees and costs, the Court is guided by the Fifth Circuit's instruction that relief under Rule 59(e) should be granted only "sparingly." *Templet*, 367 F.3d at 479. Ramsey's motion largely rehashes the arguments already presented to the Court in his prior motions for attorney's fees and expresses frustration with the reduction in fees imposed by the Court. Dkts. 206; 212; 213, at 2-5. Yet "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc*, 419 F.3d at 412 n.13; *Simon*, 891 F.2d at 1159. Moreover,

Ramsey has not identified any clear legal error by this Court that resulted in a manifest injustice. *See* Dkt. 213. Ramsey's motion thus fails to present a compelling reason for the "extraordinary remedy" of altering the Court's judgment, especially in light of the Fifth Circuit's "important judicial imperative[]"of "the need to bring litigation to an end" when considering Rule 59(e) motions. *Templet*, 367 F.3d at 479. Therefore, the Court will deny Ramsey's motion to alter the award of attorney's fees.

### III.    ORDER

Based on the foregoing, **IT IS ORDERED** that Ramsey's motion to alter final judgment as to the award on attorney's fees, Dkt. 213, is **DENIED**.

SIGNED April 16, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE